UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CHRIS D'ANTUONO<br>*Plaintiff*,<br><br>v.<br><br>WIREBARLEY AMERICA, INC. *et al.*,<br>*Defendants*. | 1:25-cv-01000-MSN-IDD |

**ORDER**

This matter comes before the Court on the Report and Recommendation issued by Ivan D. Davis on September 11, 2026 (ECF 191) ("Report and Recommendation" or "R&R") and Defendant WireBarley America Inc.'s ("WireBarley") Specific Objections to the Report and Recommendation on Attorney's Fees and Costs (ECF 193).

Based upon the parties' briefs, including Plaintiff's Motion for Attorney's Fees and Costs (ECF 134, 135), WireBarley's Objection (ECF 138), Plaintiff's Reply (ECF 174), WireBarley's Motion to File a Sur-reply (ECF 178), WireBarley's Sur-reply (ECF 178-1), Plaintiff's Supplemental Brief (ECF 186), Defendant's Supplemental Response (ECF 188), and all attachments and exhibits submitted, the Magistrate Judge determined that Plaintiff's Motion for an Award for Attorney's Fees was warranted. The Magistrate Judge recommended Plaintiff be awarded a total of $172,884.36 in attorney's fees and costs, comprised of $157,273.40 in attorney's fees and $15,610.96 in costs. ECF 191.

On September 25, 2026, Defendant WireBarley filed its objection to the magistrate judge's recommendation. WireBarley requests this Court conduct a *de novo* review of the following issues: (1) the adequacy of the magistrate judge's findings; (2) the allocation between Plaintiff D'Antuono and former-Plaintiff Choi; (3) the approval of principal fees; (4) Defense counsel Lee's attorney

and pre-licensure rates; (5) a distinction between clerical and substantive legal work performed by legal assistants and administrative staff; (6) the approval of the supplemental request for fees for Plaintiff's Reply Brief; (7) the approval of all costs; (8) minor monetary discrepancies in the amount sought. Plaintiff filed his Response to WireBarley's Objections on October 9, 2026. ECF 194.

The Court reviews *de novo* any portions of the report and recommendation to which a specific objection is made, but may adopt, without explanation, any of the Magistrate Judge's recommendations to which no objections are filed. *Solis v. Malkani,* 638 F.3d 269, 274 (4th Cir. 2011) (citing *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983)). The court need "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Since Defendant states no objections to the background and set forth in the R&R, the Court adopts and incorporates the Magistrate Judge's recitation of the background.

**1. Defendant's Objections to the Adequacy of the Magistrate Judges Findings (Objections 1, 3, 6, and 7)**

The Court first addresses WireBarley's objections to what it argues are inadequacies the R&R's findings. WireBarley makes an objection to the R&R's "general findings" regarding the approval of rates and hours (Objection 1) and to the R&R's adoption of the principal fees (Objection 3), the supplemental fee request (Objection 6), and the expenses request (Objection 7). These objections merely request the Court make additional findings and do not point to any particular error in the magistrate judge's analyses of Defendant's arguments. Since the objections "do not direct the court to a specific error in the Magistrate's proposed findings and recommendations," these objections do not warrant *de novo* review. *Orpiano v. Johnson*, 687 F.2d

44, 48 (4th Cir. 1982). In the absence of specific objections, this Court reviews the R&R for clear error. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (explaining that a district court reviews those portions of the Magistrate Judge's Report not objected to for clear error); *see Greene v. Cartledge*, No. 4:15-CV-00774-JMC, 2016 WL 1045744, at *4 (D.S.C. Mar. 16, 2016) (analyzing an objection "that the Magistrate Judge did not properly or adequately address those facts or arguments" for clear error). The Magistrate Judge explained, in detail, how Plaintiff's request satisfied each of the Virginia Supreme Court's seven factors for determining reasonableness of an attorney's fee award. *See* ECF 191 at 8-11. The Court finds no such error in the R&R's analysis and findings.

**2. Defendant's Objections to Findings Regarding Plaintiff's Request and Calculations (Objections 2, 4, 5)**

The Court next addresses Defendant's Objections to the allocation of fees removed for work done by Plaintiff's counsel for former-Plaintiff Choi (Objection 2), to the pre-licensure and junior attorney rates for attorney Sang Hwan Lee (Objection 4), and to the administrative and clerical work being billed in the same category (Objection 5). Having reviewed the record *de novo*, the Court concludes that Defendant's objections are without merit.

First, the Court finds the apportionment of hours expended for Plaintiff D'Antuono claim satisfies the Court's requirements to "subtract fees for hours spent on unsuccessful claims unrelated to successful ones" and "award some percentage of the remaining amount, depending on the degree of success enjoyed." *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013). Plaintiff determined the proper fees allocated to D'Antuono by removing fees for only former-Plaintiff Choi and discounting the joint fees by fifty percent. ECF 135-1 (Leonard Declaration) ¶ 22. The Court finds this method reasonable.

The Court finds the hourly rate sought by Plaintiff for Lee's work – $390 for his work as an attorney and $310 for his work prior to becoming license – reasonable. Plaintiff submitted a declaration detailing Lee's position, degree license, and court admission. *Id.* ¶¶ 13, 14, 19 Plaintiff's counsels' rates also falls within the *Vienna Metro* matrix. These facts affirm the reasonableness of the requested hourly fees for Lee.

The Court also finds the work performed by Law Clerk Reid and Legal Assistant Sell (ECF 135-2) is not "purely clerical or secretarial." *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989); The Leonard Declaration attests that these staffmembers "provid[ed] critical administrative support." ECF 135-1 ¶ 17. The time entries submitted by Plaintiff show Reid and Sell billed time to conduct research, provide deposition assistance, and prepare and review documents. ECF 135-2 at 4, 22-25, 26-29, 43, 69, 81, 88-90, 93, 100, 102, 107-08. The Court finds they may be compensated for this non-clerical work. *See Missouri*, 491 U.S. at 288 n.10 (noting examples of work performed by paralegals such as "factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories, and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence").

**3. Defendant's Objections to Fee's Calculation (Objection 8)**

The Court finds that WireBarley is correct that the "Sum of Hours" column in the Lodestar chart on page 12 sum to 442.65 hours, not 443.90. *See* ECF 191 at 12. The Court therefore declines to adopt the finding that the hours total 443.90 in the chart on page 12 and on page 8 footnote 4. Accordingly, references to the "0.8" hour discrepancy are likewise corrected to reflect a "2.05" hour discrepancy. ECF 191 8 n.4, 11 n.6. The Court also finds a transcription error in the Magistrate Judge's calculation of $8,620.40 in attorney's fees sought by Plaintiff, which is hereby corrected to $8,620.90. ECF 191 at 2 n.2, 7, 11 n.7, 12. The Court notes that these minor corrections do not

change the substance of the Recommendation since the calculations, including the "Sum of Billed Amont" and the $157,273.40 grand total sum of attorneys' fees, are correct. Accordingly, the Court rejects WireBarley's request to recompute the recoverable balance.

Finally, WireBarley requests the emails cited in the R&R be added to record. Based on a review of the email and relevant filings, the Court makes the following findings: On September 8, 2025, the chambers of the magistrate judge emailed Plaintiff's counsel Charles Bonani and Declan Leonard requesting clarification on whether a $1,500 courtesy discount listed in an invoice attached to the Second Supplemental Declaration of Declan C. Leonard (ECF 186-1) applied to the supplemental attorney's fees request (ECF 186). Chambers requested counsel respond by sending an email that included defense counsel or by filing a joint notice on the docket. The next day, Bonani responded by email, copying defense counsel Michael Ryu (per the Court's request), clarifying the "$1,500 courtesy discount applies to the invoice as a whole" and that only $54.60 of that discount applied to Plaintiff's Supplemental Brief. Defense counsel did not respond.

Defense counsel did not object to the discount in its Response to Plaintiff's Supplemental Filing (ECF 188) and was included in the follow-up correspondence explaining the discount. Therefore, the Court rejects Defendant's characterization that the email was "not previously available for adversarial review" and declines the request to address it now. ECF 193 at 16. In the absence of a specific objection to the magistrate judge's application of the discount, the Court reviews the magistrate judge's findings for clear error. The Court finds no clear error in the Magistrate Judge's subtraction of this discount from Plaintiff's requested supplemental attorney's fees. The Court will nevertheless amend the R&R to attach Plaintiff's counsel's email clarification for the discount.

* * *

Accordingly, it is hereby

**ORDERED** that Defendants' Objections (ECF 193) are overruled; it is further

**ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF 191) is **APPROVED** and **ADOPTED IN PART**, except to Objection 8 as outlined above, it is further

**ORDERED** that Plaintiff's Motion for Attorney's Fees and Costs is **GRANTED IN PART**; it is further

**ORDERED** that Plaintiff be awarded a total of $172,884.36 in attorney's fees and costs, comprised of $157,273.40 in attorney's fees and $15,610.96 in costs.

**IT IS SO ORDERED.**

The Clerk of Court is directed to forward a copy of this Order to all counsel of record.

/s/
Hon. Michael S. Nachmanoff
United States District Judge

Alexandria, Virginia
October 16, 2026